IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: ) |
| v. | ) **COMPLAINT** ) **JURY TRIAL DEMAND** |
| PHILLY FUDD I, LP d/b/a FUDDRUCKERS, FUDD I PHILLY, LP d/b/a FUDDRUCKERS, PHILLY FUDD IV CORPORATION d/b/a FUDDRUCKERS, HARRISBURG FUDD, LLC d/b/a FUDDRUCKERS, PITTSBURGH FUDD I, LP d/b/a FUDDRUCKERS, NIAGRA FUDD, LLC d/b/a FUDDRUCKERS, BUFFALO FUDD I d/b/a FUDDRUCKERS, VOORHEES FOOD CORPORATION d/b/a FUDDRUCKERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Carly K. Fowler ("Ms. Fowler"), a female, and a class of similarly situated female employees (the "class"), who were adversely affected by such practices. As articulated with greater particularity in paragraphs 7 through 9 below, the Commission alleges that during their employment, Ms. Fowler and the class of similarly situated females were subjected to sexual harassment through constant sexually offensive and inappropriate comments, conduct and innuendo, all of which created a sexually hostile and offensive work environment for them as females.

The Commission alleges that although these female employees objected to and complained to Defendants about such conduct, no remedial action was undertaken by Defendants to prevent and/or stop the sexual harassment. The Commission also alleges that the Defendants engaged in retaliatory discrimination against Ms. Fowler because she opposed the unwelcome sexual advances and harassment of Michael Mudd. The unlawful retaliation includes the termination of Ms. Fowler. Further, Defendants failed to retain Ms. Fowler's personnel records in violation of §704(a) of Title VII, 42 U.S.C. §2000e-8(c). As a result of the sexual harassment and hostile work environment, Ms. Fowler and the class of similarly situated females suffered severe emotional distress and other damages. In addition, some class members were forced to resign from their employment with Defendants as a result of the hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), §709(c) of Title VII, 42 U.S.C. §2000e-8(c) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §19981 A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendants, Philly Fudd I, LP d/b/a Fuddruckers, Fudd I Philly,

LP d/b/a Fuddruckers, Philly Fudd IV Corporation d/b/a Fuddruckers, Harrisburg Fudd, LLC d/b/a Fuddruckers, Pittsburgh Fudd I, LP d/b/a Fuddruckers, Niagra Fudd, LLC d/b/a Fuddruckers, Buffalo Fudd I d/b/a Fuddruckers, Voorhees Food Corporation d/b/a Fuddruckers (collectively referred to as "Defendants" and/or "Defendant Employers") have been continuously doing business in the State of New Jersey and the Cities of Turnersville and Voorhees as an integrated enterprise and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Carly K. Fowler filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least on or about May of 2006, Defendant Employers have engaged in unlawful employment practices at its Turnersville, NJ and Voorhees, NJ facilities in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Carly K. Fowler and a class of similarly situated females to a sexually hostile and offensive work environment based upon incidents which include, but are not limited to, the following:

(a) Ms. Fowler, who initially worked for Defendants at their Turnersville, NJ ("Turnersville") location as a cashier from in and around February of 2005 to January of 2006, resumed her employment with Defendants at the Turnersville location in and around May of 2006.

(b) Upon returning to work at the Turnersville location in and around May of 2006, Ms. Fowler worked with Michael Mudd ("Mr. Mudd"). Mr. Mudd was promoted to General Manager

in and around July 2006 and became Ms. Fowler's immediate supervisor. Immediately after his promotion, Mr. Mudd's behavior toward Ms. Fowler and other female employees began to change. Ms. Fowler and the class of similarly situated females were regularly subjected to a campaign of sexually harassing conduct and a hostile work environment created by Mr. Mudd, which consisted of sexually offensive comments, conduct and innuendo.

(c) Much of Mr. Mudd's sexually harassing conduct included making comments about Ms. Fowler's breasts, buttocks and other body parts, inquiring about Ms. Fowler's sex life, staring inappropriately at Ms. Fowler, calling Ms. Fowler on her personal cell phone for inappropriate non-work related matters such as telling Ms. Fowler he was drunk and to "come over and have sex [with him]," telling Ms. Fowler to wear tight pants so he would have "something to look at," requesting that Ms. Fowler and other female employees look at his body parts and touch his muscles, calling female employees and customers "sluts," "whores" and "bitches," discussing female customers' body parts in front of the female employees, make offensive comments about overweight females like "Look at that fat chick, I wouldn't do her..." and making constant reference to his own sexual acts.

(d) Mr. Mudd spread false rumors to the staff about Ms. Fowler's character which caused at least one male employee to start a campaign to have Ms. Fowler fired.

(e) As a result of Mr. Mudd's repeated sexually harassing and offensive behavior, Ms. Fowler complained directly to Mr. Mudd on numerous occasions he ignored her complaints and refused to stop his inappropriate conduct. Ms. Fowler also complained to Andy Sabo, Assistant Manager, about Mr. Mudd's sexually harassing conduct. Instead of addressing Ms. Fowler's concerns, Mr. Sabo told Ms. Fowler that "[Mr. Mudd] is pissed that you won't sleep with him." Mr. Sabo took no effective remedial action and Mr. Mudd's offensive behavior continued.

8. Since at least December October of 2006, Defendant Employers have engaged in unlawful employment practices at its Turnersville, NJ and Voorhees, NJ facilities, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a). These unlawful retaliatory practices include, but are not limited to the following:

(a) Following Ms. Fowler's numerous complaints concerning Mr. Mudd's offensive conduct, Ms. Fowler noticed that her salary was reduced from $8.00 per hour to $7.75 per hour on or about October 6, 2006. When Ms. Fowler asked Mr. Mudd about this discrepancy, he ignored the inquiry and instead asked, "The real question is: when are we going to f**k?"

(b) Following her complaint to Mr. Sabo regarding Mr. Mudd's sexually inappropriate and offensive behavior, Ms. Fowler was suddenly terminated without warning or explanation on or about October 18, 2006.

9. Since at least January of 2007, Defendant Employers have failed, in violation of §709(c) of Title VII, 42 U.S.C. §2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The effect of the practices complained of in paragraphs 7 through 9 above has been to deprive Carly K. Fowler, a female employee, and a class of similarly situated female employees, of a harassment free work environment, equal employment opportunities and otherwise adversely affects their status as employees because of their sex.

9. The acts complained of in paragraphs 7 through 9 above were intentional and malicious.

10. The unlawful employment practices complained of in paragraphs 7 through 9 above were done with reckless indifference to the federally protected rights of female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employers to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employers to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employers to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employers to make whole Carly K. Fowler, and a class of similarly situated females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 9 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

G. Order Defendant Employers to make whole Carly K. Fowler, and a class of similarly situated females, by providing compensation for past and future nonpecuniary losses resulting from

the unlawful practices complained of in paragraphs 7 through 9 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

    H.    Order Defendant Employers to make and preserve all records, in accordance with the provisions of §709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

    I.    Order Defendant Employers to pay Carly K. Fowler, and a class of similarly situated females, punitive damages for its malicious and reckless conduct described in paragraphs 7 through 9 above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> RONALD S. COOPER
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> *U.S. EQUAL EMPLOYMENT*
> *OPPORTUNITY COMMISSION*
> 1801 L. Street, NW
> Washington, DC 20507
>
> *[signature]*
> JACQUELINE H. MCNAIR
> Regional Attorney
>
> *[signature]*
> TERRENCE R. COOK
> Supervisory Trial Attorney
>
> *[signature]*
> STEPHANIE MARINO
> Trial Attorney
>
> *EQUAL EMPLOYMENT OPPORTUNITY*
> *COMMISSION*
> Philadelphia District Office
> 801 Market Street
> Penthouse, Suite 1300
> Philadelphia, PA 19107
> Telephone:    (215) 440-2841
> Facsimile:    (215) 440-2848
> stephanie.marino@eeoc.gov

-8-